

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-4648
Re: Private person who made an arrest in felony case not entitled to fees under facts stated.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Kindly render me an opinion relative to the payment of fees to a person in making an arrest in a Felony Examining Trial.

"I shall give you the details of the case in question so you may be prepared to answer properly; A few weeks past a Negro attempted to rape a white lady in this County, the local Constable, or other Peace Officers, could not be located promptly so the Justice of the Peace authorized, or deputized, a man who was not a legally qualified Officer or Deputy to make the arrest, this he did after chasing the Negro back and forth across various farms, the mileage in the chase amounting to 50 miles, so the account shows. The Constable in the Justice Precinct in which the arrest was made has filed a claim for the fees, which I have been informed are to be paid to the person making the arrest, same being Arrest $2.00, Commitment $1.00, 50 Miles to arrest, $2.50, conveying prisoner to Jail, 10 Miles, $2.80.

"In my opinion I can not legally order payment to an individual as the law does not set out fees for any one except legally qualified Officers, also that the mileage would not cover for 'chasing' but to the point of arrest, 10

Honorable R. A. Hodges, Page 2

miles and the return of 10 miles. I understand that it would be legal for the Constable to file the account for payment of the fees for a person who was his legally qualified deputy, however do not think he would be authorized to file for a person under the conditions stated.

"Therefore the following questions-,

"1- Would the County Auditor have legal authority to order, or approve, payment for fees in a Felony Examining Trial to a person who was not a legally qualified Officer or Deputy although the account was filed in the name of the Constable in the Justice Precinct in which the services were performed?

"2- Should the mileage to be paid in going to arrest in a felony case be just from the starting point to the point of arrest, or would it be from the starting point and over all ground covered, chasing back and forth, to the point of arrest?"

You have also informed us that the Justice of the Peace did not specially appoint the private citizen to serve a warrant of arrest.

The fees in question here, set out in Articles 1020, 1029 and 1065, Vernon's Annotated Texas Code of Criminal Procedure, are payable to <u>sheriffs and constables or other peace officers</u>. (See said articles.)

Article 1067, Vernon's Annotated Texas Code of Criminal Procedure, provides:

"Constables, marshals or other peace officers who execute process and perform services for justices in criminal actions, shall receive the same fees allowed to sheriffs for the same services."

Article 56, Vernon's Annotated Texas Code of Criminal Procedure, provides:



> "The following are 'peace officers'; the Sheriff and his deputies, constable, the marshal or policemen of an incorporated town or city, the officers, non-commissioned officers and privates of the State ranger force, and <u>any private person specially appointed to execute criminal process</u>." (Underscoring ours)

Article 231, Vernon's Annotated Texas Code of Criminal Procedure, provides:

> "If it is made known by satisfactory proof to the magistrate that a peace officer cannot be procured to execute a warrant of arrest, or that such delay will be occasioned in procuring the services of a peace officer that the accused will probably escape, such warrant may be directed to any suitable person who is willing to execute the same; <u>and in such case, his name shall be set forth in the warrant</u>." (Underscoring ours)

Article 888, Vernon's Annotated Texas Code of Criminal Procedure, provides:

> "A justice of the peace may, when he deems it necessary, authorize any person other than a peace officer to execute a warrant of arrest <u>by naming such person specially in the warrant. In such case, such person shall have the same</u> powers, and shall be subject to the same rules that govern peace officers in like cases." (Underscoring ours)

The private person referred to in your letter was neither a sheriff nor a constable. Nor was he a "person specially appointed to execute criminal process" and named specially in a warrant. Nor was he a "peace officer".

It is therefore our opinion that the private person mentioned in your letter is not entitled to any fees under the facts stated. Nor is the constable entitled to any fees, he not having performed any services. Having answered thusly, your second question becomes moot.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____

Wm. J. Fanning

APPRO
OPINI
COMMIT

WJF:no